The opinion of tne Court was delivered at April term 1823, at Taunton, by
Parker C. J.
The question is, whether the note declared on is the note of the defendants ; and that depends upon the authority of Marvel, their agent, to sign such a note. His general authority as agent extended to the purchase of stock, and making such contracts as related to the business of the company of which he had the management; for such purposes he might pay the money of the corporation, or, if credit were obtained, might make them liable in a note made by him for them ; but he could not for any other purpose bind them, although he assumed to act as their agent. P[1] appears, that the *226 note in suit was given for a part of the consideration of the Ureelove farm, the title of which is not in the defendants, although they have appropriated the rents and profits since the incorporation. He could not make a promise binding them for this object, without express authority of the corporation. No such authority appeared in evidence ; nor is there any evidence of any corporate act .which can amount to an assumption of the debt or ratification of the promise. That most of the members of the corporation were members of the voluntary association makes no difference, as there were some members who did not belong to the voluntary association, and whose property ought not to be taken to pay the debts of those individuals who hold the property for which the note was given. If' the corporation should be held answerable in this suit, then, by the provisions of the statutes, the plaintiff might compel an individual who has no interest in the consideration of the note to pay the whole debt, which would be unreasonable and unjust. The plaintiff’s remedy is against Marvel, who signed the note, or perhaps upon his original demand against those who purchased the farm. That part of the consideration of the note, which was not for the farm, was for the renewal of securities given by the voluntary company for debts previously existing against them. Nothing short of a vote of the corporation could render them liable for these demands, or could authorize their agent to make them responsible.[1]

Judgment for the defendants.

 See New Eng. M. Ins. Co. v. De Wolf, 8 Pick. 56.